Electronically Filed - Greene - September 26, 2018 - 03:02 PM

IN THE CIRCUIT COURT OF GREENE COUNTY, MISSOURI

| | |
|---|---|
| KEITH A. THOMPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. _____ |
| | ) |
| RICHARD LLOYD HUBBLE, | ) JURY TRIAL REQUESTED |
| | ) |
| Serve at: | ) |
| 2215 Katherine Street | ) |
| Port Huron, MI 48060 | ) |
| | ) |
| and | ) |
| | ) |
| Steven J. Wilson, d/b/a | ) |
| S Wilson Trucking | ) |
| | ) |
| Serve: Registered Agent | ) |
| Steven J. Wilson | ) |
| 5211 CO RD B | ) |
| Delta, OH 43515 | ) |
| | ) |
| Defendants. | ) |

EXHIBIT A

## PETITION FOR DAMAGES

COMES NOW Plaintiff, Keith A. Thompson ("Plaintiff"), by and through his attorneys of record, Aaron Sachs & Associates, P.C., and for his cause of action against Defendant Richard Lloyd Hubble ("Defendant Hubble") and his employer Steven J. Wilson, d/b/a S Wilson Trucking ("Defendant Wilson Trucking"), states as follows:

## GENERAL ALLEGATIONS

1.  At all times relevant herein, Plaintiff was a resident of Greene County, Missouri.

2.  At all times relevant herein, on information and belief, Defendant Hubble was a resident of the state of Michigan.

3.  At all times relevant herein, Defendant Wilson Trucking was a licensed business in

1

the State of Ohio and was conducting business at the time of the collision within Greene County in the State of Missouri. As such, Defendant Wilson Trucking is capable of suing and being sued in the Circuit Courts of Greene County, Missouri.

4.     That all events described herein, and which gave rise to Plaintiff's cause of action, occurred in Greene County, Missouri.

5.     That this Court has jurisdiction over this cause of action because the injuries arise from tortious conduct committed in Greene County, Missouri, and because the damages are in excess of $25,000.00.

6.     At all times relevant herein, Interstate 44 where this incident occurred was a public interstate, highway, street, or thoroughfare, located in Greene County, Missouri.

7.     On or about February 19, 2016, at approximately 7:40 p.m., Plaintiff was lawfully operating a 1994 Jeep Cherokee on Interstate 44 in Greene County, Missouri.

8.     On information and belief, at the above-referenced date and time, Defendant Hubble was operating a vehicle owned by Defendant Wilson Trucking on Interstate 44 in Greene County, Missouri.

9.     Defendant Wilson Trucking, and its agents, servants, and employees, at all relevant times set forth herein, were subject to the rules and regulations contained and set forth in Title 49, Code of Federal Regulations, including but not limited to the sections thereof set forth herein.

10.     At all times herein mentioned, Defendant Wilson Trucking was acting individually and through its agents, servants, and/or employees, including Defendant Hubble.

11.     At all times herein, Defendant Hubble was hired by Defendant Wilson Trucking to drive a commercial motor vehicle and was directed by Defendant Wilson Trucking to transport various loads.

2

12.     At all times herein mentioned, and at the time of this incident, Defendant Wilson Trucking, individually, and/or through its agents, servants, and/or employees, owned, leased, controlled, and/or operated the vehicle operated by Defendant Hubble that caused this incident.

## COUNT I- NEGLIGENCE OF DEFENDANT RICHARD LLOYD HUBBLE

COMES NOW Plaintiff and for his cause of action in *Count I- Negligence of Defendant Richard Lloyd Hubble*, states as follows:

13.     Plaintiff hereby incorporates by reference each and every allegation set forth in the *General Allegations* above as though said paragraphs were set forth herein.

14.     At the above-referenced date and time, the vehicle operated by Defendant Hubble collided with the vehicle operated by Plaintiff, causing injuries to Plaintiff as hereinafter alleged.

15.     At the time of the collision, Defendant Hubble was negligent in one or more of the following respects:

    a.     He failed to keep a careful lookout for other motor vehicles at that time and place, including the vehicle operated by Plaintiff;

    b.     He failed to maintain control of his vehicle;

    c.     He failed to keep a proper lookout;

    d.     He failed to devote adequate attention to the roadway and the presence of other vehicles such as Plaintiff's motor vehicle;

    e.     He failed to use the highest degree of care whereby Defendant Hubble could have known that there was a reasonable likelihood of collision in time thereafter to have stopped, or swerved, or slackened speed, or sounded a warning, or slackened speed and swerved, or slackened speed and sounded

3

a warning, or swerved and sounded a warning with respect to Plaintiff and Plaintiff's motor vehicle, but Defendant Hubble failed to do so;

f.    He allowed his vehicle to collide with Plaintiff's vehicle; and

g.    He drove at a speed where he was unable to stop within his lighted field of vision.

16.    As a direct and proximate result of the negligence of Defendant Hubble, Plaintiff sustained injuries to his right arm, right shoulder, right elbow, right thumb, right hand, left hand, right upper quadrant, right ribs, and his chest.

17.    As a result of said injuries, Plaintiff has been caused severe pain, suffering, and anguish.

18.    As a result of said injuries, Plaintiff has incurred, and in the future may incur, significant medical expenses, the exact amount of which is not yet known.

19.    As a result of said injuries, Plaintiff has incurred, and in the future may incur, lost wages, lost income, lost profits, and loss of earning capacity.

WHEREFORE, Plaintiff prays for judgment against Defendant Hubble in *Count I- Negligence of Defendant Richard Lloyd Hubble*, for such damages as are fair and reasonable, for his costs herein incurred, and for other and further relief as is just and proper.

## COUNT II- NEGLIGENCE *PER SE* OF DEFENDANT RICHARD LLOYD HUBBLE

COMES NOW, Plaintiff, and for his cause of action in *Count II- Negligence Per Se of Defendant Richard Lloyd Hubble,* states as follows:

20.    Plaintiff hereby incorporates by reference each and every allegation set forth in the *General Allegations* and *Count I* of this *Petition for Damages* as if herein stated verbatim.

4

21.     At the time of the collision, Defendant Hubble was negligent *per se* in violation of one or more of the following laws that were intended and designed to prevent the type of harm suffered by Plaintiff:

    a.     Failure to operate the vehicle in a careful and prudent manner in violation of § 304.012, RSMo;

    b.     Failure to comply with the rules of the road in violation of § 304.010, RSMo *et seq*;

    c.     Failure to use the highest degree of care when operating a motor vehicle in violation of § 304.012, RSMo;

    d.     Failure to follow the vehicle in front of the vehicle he was operating at a reasonably safe and prudent distance in violation of § 304.017, RSMo;

    e.     The Ordinances of The City of Springfield, Missouri, Chapter 106, and any other portion of such Ordinances to the extent they apply to the facts giving rise to this lawsuit; and

    f.     Any such other ordinances, statutes, regulations or laws that may be discovered during the discovery phase of this case.

22.     To the extent that Defendant Hubble has been convicted of a traffic violation, statute, infraction, misdemeanor, or the like, arising from this accident, Plaintiff hereby pleads the doctrine of collateral estoppel and reserve the right to rely on any such conviction as a basis for offensive collateral estoppel on the issues of liability and/or causation and/or damages.

23.     As a direct and proximate result of the negligence *per se* of Defendant Hubble, Plaintiff sustained injuries to right arm, right shoulder, right elbow, right thumb, right hand, left hand, right upper quadrant, right ribs, and his chest.

5

24. That as a result of said injuries, Plaintiff has been caused severe pain, suffering and anguish.

25. That as a result of said injuries, Plaintiff has incurred, and in the future may incur, significant medical expenses, the exact amount of which is not yet known.

26. That as a result of said injuries, Plaintiff has incurred, and in the future may incur, lost wages, lost income, lost profits, and loss of earning capacity.

WHEREFORE, Plaintiff prays for judgment against Defendant Hubble in *Count II- Negligence Per Se of Defendant Richard Lloyd Hubble,* for such damages as are fair and reasonable, for his costs herein incurred, and for other and further relief as is just and proper.

## COUNT III- NEGLIGENCE OF DEFENDANT WILSON TRUCKING

COMES NOW Plaintiff and for his cause of action in *Count III - Negligence of Defendant Wilson Trucking,* states as follows:

27. Plaintiff incorporates by reference each and every allegation contained in the *General Allegations, Count I* and *Count II* of this *Petition for Damages* as if herein stated verbatim.

28. Defendant Hubble was an employee, agent, servant, and/or lessor, or under the control of Defendant Wilson Trucking, at the time of this incident.

29. At the time of this incident, Defendant Hubble was acting within the scope and course of his employment, or agency, or capacity as an employee, agent, servant, and/or lessor with Defendant Wilson Trucking

30. Defendant Wilson Trucking is vicariously liable for the negligent conduct of its agent/servant/employee Defendant Hubble via *respondeat superior*.

31. In addition to vicarious liability for the conduct of its agent, servant, or employee,

Defendant Wilson Trucking is directly negligent in one or more of the following respects:

    a.   Hiring Defendant Hubble;

    b.   Retaining Defendant Hubble;

    c.   Entrusting Defendant Hubble with the operation of motor vehicles on or around the time of the accident giving rise to this suit;

    d.   Training Defendant Hubble;

    e.   Supervising Defendant Hubble;

    f.   Failing to have policies and procedures in effect to govern the conduct of Defendant Wilson Trucking's drivers to prevent negligent conduct such as that committed by Defendant Hubble;

    g.   Failing to ensure that Defendant Wilson Trucking drivers, such as Defendant Hubble, complied with its policies and procedures to prevent negligent conduct such as that committed by Defendant Hubble giving rise to this case.

32.    As a result of the direct and vicarious negligence of Defendant Wilson Trucking, directly through its employee, agent, servant and/or lessor, Defendant Hubble, Plaintiff sustained injuries to his right arm, right shoulder, right elbow, right thumb, right hand, left hand, right upper quadrant, right ribs, and his chest.

33.    As a result of said injuries, Plaintiff has been caused severe pain, suffering, and anguish.

34.    As a result of said injuries, Plaintiff has incurred, and in the future may incur, significant medical expenses, the exact amount of which is not yet known.

35.    As a result of said injuries, Plaintiff has incurred, and in the future may incur, lost

wages, lost income, lost profits, and loss of earning capacity.

WHEREFORE, Plaintiff prays for judgment against Defendant Wilson Trucking in *Negligence of Defendant New Wilson Trucking*, for such damages as are fair and reasonable, for his costs herein incurred, and for other and further relief as is just and proper.

## COUNT IV- NEGLIGENCE PER SE OF DEFENDANT NEW WILSON TRUCKING

COMES NOW Plaintiff and for his cause of action in *Count IV - Negligence per se of Defendant New Wilson Trucking,* states as follows:

36.     Plaintiff incorporates by reference each and every allegation contained in the *General Allegations*, *Count I*, *Count II*, and *Count III* of this *Petition for Damages* as if herein stated verbatim.

37.     Pursuant to applicable Missouri Statutes, including but not limited to §§ 302.768, 307.400 and 622.550, RSMo, as well as applicable Federal Regulations, including but not limited to 49 CFR § 392.1 and § 392.2, both Defendants had a duty to comply with applicable laws and regulations and both Defendants were negligent *per se* for the violation of one or more of the applicable Missouri Statutes or Federal Regulations that were intended and designed to prevent the type of harm suffered by Plaintiff in the accident (see 49 CFR § 390.5) giving rise to this case including but not limited to those regulations found in 49 CFR §§ 381-383, § 391, and § 392.

38.     As a result of the direct and vicarious negligence *per se* of Defendant Wilson Trucking directly by and through its employee, agent, servant and/or lessor, Defendant Hubble, Plaintiff sustained significant personal injuries to his right arm, right shoulder, right elbow, right thumb, right hand, left hand, right upper quadrant, right ribs, and his chest.

39.     As a result of said injuries, Plaintiff has been caused severe pain, suffering, and anguish.

8

40.     As a result of said injuries, Plaintiff has incurred, and in the future may incur, significant medical expenses, the exact amount of which is not yet known.

41.     As a result of said injuries, Plaintiff has incurred, and in the future may incur, lost wages, lost income, lost profits, and loss of earning capacity.

WHEREFORE, Plaintiff prays for judgment against Defendant Wilson Trucking in *Count IV- Negligence per se of Defendant New Wilson Trucking* for such damages as are fair and reasonable, for his costs herein incurred, and for other and further relief as is just and proper.

## COUNT V – PROPERTY DAMAGE CLAIM

**COMES NOW** Plaintiff, and for his cause of action in *Count V – Property Damage Claim*, states as follows:

21.     That Plaintiff incorporates by reference each and every allegation contained in the General Allegations, *Count I, Count II, Count III*, and *Count IV* above, as though said paragraphs were set forth herein.

22.     At all times relevant herein, Plaintiff owned or had an ownership interest directly or indirectly in the 1994 Jeep Cherokee and trailer with all of Plaintiff's business equipment on it, which sustained damage as a direct result of the negligence of Defendant Hubble as described herein, requiring repair costs, replacement costs, and causing diminution in value and loss of use of said vehicle. As a result of such property damage, Plaintiff hereby claims a loss of profits, income, and/or earnings.

**WHEREFORE**, Plaintiff prays for judgment in *Count V – Property Damage Claim* Against Defendant Hubble, for such damages as are fair and reasonable, for his costs herein incurred, and for such other relief to which the law may entitle him.

9

Electronically Filed - Greene - September 26, 2018 - 03:02 PM

AARON SACHS & ASSOCIATES, P.C.

Aaron Sachs
Missouri Bar No. 33856

Max Blaser
Missouri Bar No. 64348
Email: max@autoinjury.com
Aaron Sachs & Associates, P.C.
3271 E. Battlefield, Ste. 350
Springfield, MO 65804
Telephone:    417-889-1400
Facsimile:    417-889-5359
**Attorneys for Plaintiff**