# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### SOUTHERN DIVISION

| | | |
|---|---|---|
| KEITH A. THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 6:19-cv-03002-MDH |
| | ) | |
| | ) | |
| RICHARD LLOYD HUBBLE and STEVEN | ) | |
| J. WILSON d/b/a S WILSON TRUCKING, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION TO EXTEND
## EXPERT WITNESS DISCLOSURE DEADLINE

COME NOW Defendants Richard Lloyd Hubble and Steven J. Wilson d/b/a S Wilson Trucking (hereinafter "Defendants"), by and through their undersigned counsel of record, pursuant to FRCP 6(b) and Section I of this Court's *Scheduling and Trial Order* [Doc. No. 15], and hereby respectfully move that this Court enter an Order extending the current Tuesday, October 1, 2019 deadline for Defendants to make their expert witness disclosures until thirty (30) days after Plaintiff Keith Thompson is deposed on October 14, 2019 or up to the end of the day on Friday, November 15, 2019. In further support of this relief, Defendants state as follows:

1.      Plaintiff has asserted negligence claims against Defendants with respect to alleged personal injuries. The case concerns an automobile accident between a 1994 Jeep Cherokee pulling a utility trailer driven by Plaintiff and 2016 Kenworth tractor that was pulling a trailer that made up a tractor-trailer combination being operated by Richard Hubble for Steven J. Wilson d/b/a S Wilson Trucking on Friday, February 19, 2016 at 7:40 p.m. in dark conditions along eastbound Interstate 44.

2. Liability and damages are disputed. Specifically, there is a dispute as to whether or not the lights on the utility trailer being hauled by the Jeep were engaged at the time of the accident and whether or not the toolbox inside the utility trailer blocked from view any taillights on the Jeep at the time of the accident.

3. Before suit was filed, the parties exchanged expert reports from competing experts (i.e. William Hampton and William Kennedy) that addressed, among other things, whether or not the lights on the utility trailer were engaged at the time of the accident and whether or not the trailer and toolbox would have blocked the lights on the Jeep from the view of motorists approaching from the rear. Defendants have alleged and contend, in addition to the assertion that the lights on the utility trailer were not engaged on the trailer and/or that the Jeep lights were blocked from view, that the Jeep was traveling near or below the minimum speed limit and/or at an unsafe speed for the conditions then present and thereby constituted a hazard in the roadway.

4. This Court entered its *Scheduling and Trial Order* for Jury Trial on February 20, 2019 [Doc. No. 15]. The deadline for defense expert designations is currently October 1, 2019. This five (5) day jury trial in this case is not scheduled to commence until July 27, 2020. The initial Pretrial Conference is scheduled to commence on July 16, 2020 at 1:00 p.m.

5. The parties in this case have worked through and exchanged written discovery responses over the course of several months. This included efforts to confer in good faith about discovery objections and the scope of discovery requests propounded by the parties to each other. This Court entered an Order on June 4, 2019 [Doc. No. 25] concerning remaining discovery issues that were presented to the Court that were not resolved by agreement.

6.      The Defendants are located out of town.  The depositions of the parties were only recently scheduled and confirmed after some back and forth among counsel concerning scheduling dates.  Initially, Plaintiff's counsel requested that depositions be scheduled on back-to-back-to-back days but after some back and forth it became clear that the geography and needed travel made this impractical and essentially impossible.  Specifically, Steven Wilson is located in Delta, Ohio.  Defendant Richard Hubble and his wife Melanie Jones (and passenger at the time) are located in Huntsville, Alabama.  Mr. Hubble no longer works for Mr. Wilson after voluntarily ending his employment to be closer to home.  Plaintiff lives in Hollister, Missouri.

7.      As an accommodation, Defendant Steven Wilson voluntarily traveled from Ohio for his deposition to be completed in the Kansas City Metropolitan area at the office of defense counsel in Overland Park, Kansas on September 18, 2019.  The deposition of Defendant Richard Hubble and his wife Melanie Jones are scheduled to be completed in Huntsville, Alabama on October 8, 2019.  The deposition of Plaintiff Keith Thompson is scheduled to be completed on Monday, October 14, 2019.

8.      On liability, Defendants intend to designate an accident reconstruction expert (William Kennedy of Semke Forensic) and a human factors expert (William Messerschmidt).  Both experts need an opportunity to review the sworn testimony of the two drivers involved in the accident before they will be in a position to finalize their opinions and to complete their respective reports.  Both depositions of the drivers should be completed by October 14.

9.      On damages, defense counsel need to be able to complete the deposition of Plaintiff to obtain his sworn testimony about the injuries and damages he is alleging in this case (specifically the nature of the injuries he is claiming, how he has recovered from those alleged injuries, the damages being claimed, and the nature of any ongoing complaints) before they will

be in a position to make final decisions about any defense experts that may be designated to address damages issues.  This deposition should be completed on October 14.

10.     On damages, Plaintiff has had unfettered access to his treating healthcare providers and had had an ability to present for any examination of his choosing before and during the pendency of this lawsuit. Defendants should be given an opportunity to depose Plaintiff and to understand his sworn testimony before being required to make final expert designations.

11.     Defendants would be unfairly prejudiced if the relief requested herein is not granted by the Court for the reasons set forth herein.

12.     Defendants are not requesting this extension for any improper purpose or to unduly delay the matter but, instead, in a good faith effort to allow for a fair opportunity to prepare for trial and in order to obtain the sworn testimony needed prior to finalizing expert reports and/or prior to making a final decision concerning expert designations.

13.     Defendants have not previously asked that the October 1, 2019 defense expert designation deadline be extended.  This is the first request that this deadline be extended.

13.     Defense counsel conferred with Plaintiff's counsel prior to seeking that this deadline be extended.  Plaintiff's counsel has advised that Plaintiff will oppose the extension. The parties are currently looking to schedule the depositions of the experts designated by Plaintiffs between October 14 and November 15.  Plaintiff's counsel has agreed that defense experts need not be presented for deposition until after the plaintiffs' experts have been deposed. Email communications among counsel while conferring on this issue are marked as Exhibit A.

4

14.     Defendants have endeavored to provide the Court with all the necessary information required by Section I of this Court's *Scheduling and Trial Order* [Doc. No. 15]. Defendants believe they have demonstrated good cause for the relief being requested herein.

15.     The expert disclosure deadline Defendants are asking the Court to extend will not adversely impact the current Pretrial Conference or Trial Setting.  Plaintiff will not be unfairly prejudiced by the relief requested by Defendants.

WHEREFORE, Defendants respectfully request that the Court enter an Order granting Defendants' *Motion to Extend Expert Witness Disclosure Deadline* thereby extending the deadline from October 1, 2019 to November 15, 2019 and for such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

**MATTEUZZI & BROOKER, P.C.**

*/s/ Matthew J. Brooker*
_____
Matthew J. Brooker, Mo. Bar #58794
(mbrooker@ma2zlaw.com)
Michael D. Matteuzzi, Mo. Bar #32891
(mmatteuzzi@ma2zlaw.com)
A. Alexander DeMasi, Mo. Bar #70527
(ademasi@ma2zlaw.com)
10111 W 105th Street
Overland Park, Kansas 66212
P:  913-253-2500 / F:  913-253-2501
**ATTORNEYS FOR DEFENDANTS**

<u>**CERTIFICATE OF SERVICE**</u>

 The undersigned certifies that a true and correct copy of the foregoing was electronically filed on this <u>24th</u> day of <u>September</u>, 2019 with the PACER/ECF filing system and that the following individuals were automatically notified via ECF:

 Max Blaser, Mo. Bar #64348
([max@autoinjury.com](mailto:max@autoinjury.com))
AARON SACHS & ASSOCIATES, P.C.
3271 E. Battlefield, Ste. 350
Springfield, MO 65804
T: 417-889-1400
F: 417-889-5359
**ATTORNEYS FOR PLAINTIFF**

     */s/ Matthew J. Brooker*

     _____

     **ATTORNEYS FOR DEFENDANT**S